METROPOLITAN DELIVERY
CORPORATION,

    Plaintiff,

v.

TEAMSTERS LOCAL UNION 769,

    Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

This matter is before the Court on Metropolitan Delivery Corporation's ("Plaintiff") motion for leave to take limited expedited discovery. [D.E. 9]. Teamsters Local Union 769 ("Defendant" or "Local Union 769") responded to Plaintiff's motion on July 26, 2019. [D.E. 21]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

### *I. ANALYSIS*

On June 26, 2019, Plaintiff filed this action to vacate an arbitration award that Thomas G. Humphries (the "Arbitrator") entered in an underlying arbitration. Plaintiff argues that the arbitration award is legally invalid, in part, because the Arbitrator failed to disclose his close personal relationship with Defendant and the

1

union representative, Mike Scott ("Mr. Scott"). More specifically, Plaintiff alleges (1) that the Arbitrator has been previously employed as an instructor for Local Union 769 to train and instruct union members on grievance procedures, (2) that Mr. Scott was the Arbitrator's former student, and (3) that Defendant previously hired the Arbitrator as a panel member to grade applications for children scholarships.

Plaintiff claims that it must be permitted to serve interrogatories, document requests, and/or conduct depositions to ascertain the extent of the Arbitrator's relationship with Mr. Scott and Local Union 769. While Plaintiff concedes that discovery in post-arbitration proceedings are only available in limited circumstances, Plaintiff suggests that allegations of bias require discovery to be properly evaluated. *See, e.g.*, *Kehle v. USAA Cas. Ins. Co.*, 2017 WL 6729186, at \*11 (S.D. Fla. Dec. 28, 2017) ("Several courts have allowed limited discovery into an underlying arbitration if there is bias or misconduct alleged on the part of the arbitrator."). Because the Arbitrator was obligated to disclose his personal relationship with Local Union 769 but failed to do so, Plaintiff concludes that there is a reasonable impression of bias that must be further explored. *See Gianelli Money Purchase Plan & Trust v. ADM Investor Servs., Inc.,* 146 F.3d 1309, 1312 (11th Cir. 1998) ("[A]n arbitration award may be vacated due to the 'evident partiality' of an arbitrator only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists.") (citing *Lifecare Int'l, Inc. v. CD*

2

*Med., Inc.,* 68 F.3d 429, 433 (11th Cir. 1995); *Middlesex Mut. Ins. Co. v. Levine,* 675 F.2d 1197, 1202 (11th Cir. 1982)).

"After arbitration is complete, judicial review of the arbitration process and of the amount of the award is narrowly limited." *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 932 (11th Cir. 1990). Indeed, "[b]ecause arbitration is an alternative to litigation, judicial review of arbitration decisions is among the narrowest known to the law." *AIG Baker Sterling Heights, LLC v. American Multi–Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007) (citation and internal quotation marks omitted). The Federal Arbitration Act[1], 9 U.S.C. §§ 1 et seq. ("FAA"), "imposes a heavy presumption in favor of confirming arbitration awards; therefore, a court's confirmation of an arbitration award is usually routine or summary." *Cat Charter, LLC v. Schurtenberger*, 646 F .3d 836, 842 (11th Cir. 2011) (citations and internal quotation marks omitted); *see also AIG Baker*, 508 F.3d at 999 (FAA "presumes that arbitration awards will be confirmed") (citations omitted).[2] As such, the "evident partiality" exception must be strictly construed, meaning it must be "direct, definite and capable of demonstration rather than remote, uncertain and speculative."

---

[1] The purpose of the FAA is "to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation." *O.R. Securities, Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 745 (11th Cir. 1988) (internal quotes omitted).

[2] The limited scope of judcial review with respect to arbitration awards is primarily because of policy considerations. After all, "[a]rbitration's allure is dependent upon the arbitrator being the last decision maker in all but the most unusual cases. The more cases there are, like this one, in which the arbitrator is only the first stop along the way, the less arbitration there will be." *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 913 (11th Cir. 2006). The FAA is therefore designed to discourage parties from running to federal court for a do-over.

*Middlesex Mut. Ins. Co.*, 675 F.2d at 1202 (internal quotes omitted); *see Scott v. Prudential Securities, Inc.*, 141 F.3d 1007, 1015 (11th Cir. 1998). "Accordingly, the mere appearance of bias or partiality is not enough to set aside an arbitration award." *Lifecare*, 68 F.3d at 433.

Here, Plaintiff alleges that the underlying arbitration award is invalid, and that discovery must be permitted because of evident partiality. Plaintiff relies, however, on no authority that there is reasonable impression of bias when a union representative was merely an arbitrator's former student. The reason for that omission might be because courts often find that a prior teacher-student relationship is too speculative and unknown to create a reasonable impression of partiality. *See Arbitration between Sharp & River Birch Homes, Inc.*, 2007 WL 9717906, at *5 (S.D. Ala. Dec. 27, 2007) (concluding that a prior academic relationship involving an arbitrator did not create a reasonable impression of partiality). Indeed, Plaintiff has failed to present any evidence that the Arbitrator had a reason to curry favor with Defendant other than the fact that the former was the Mr. Scott's local college professor and graded his papers. This alone is far too speculative to conclude that the Arbitrator was biased in favor of Defendant. Because "in a nondisclosure case, the party challenging the arbitration award must establish that the undisclosed facts create a 'reasonable impression of partiality,'" and Plaintiff has failed to do, Plaintiff's motion cannot be granted on this basis. *See Lifecare*, 68 F.3d at 433 (citing *Middlesex Mutual Ins. Co.*, 675 F.2d at 1201).

The more difficult question is whether there is a reasonable impression of bias as to the Arbitrator's prior employment as an instructor for Local Union 769. Plaintiff alleges that the Arbitrator voluntarily trained and instructed union members on grievance procedures and graded applications for children scholarships. [D.E. 1 at ¶ 29] ("Arbitrator Humphries has acted as a volunteer instructor for the Union"); *id*. at ¶ 30 ("Arbitrator Humphries was employed as a volunteer member of a scholarship panel or committee for the Union that reviewed and graded scholarship applications for the children of the Union's members."). Defendant claims, on the other hand, that the Arbitrator's activities were merely an extension of his academic endeavors and there can be no impression of bias or partiality.

There is no bright-line rule as to whether an arbitrator creates a reasonable impression of bias if he or she knows of, but fails to disclose, certain information. Indeed, "[c]ircumstances of such a nature could come together in any number of configurations" because this is a "fact-intensive, case-specific issue." *Fed. Vending, Inc. v. Steak & Ale of Fla., Inc.*, 71 F. Supp. 2d 1245, 1247 (S.D. Fla. 1999). We note, however, that while this question is often made on a case-by-case basis, the "the irreducible minimum requirement . . . is full disclosure." *Cont'l Ins. Co. v. Williams*, 1986 WL 20915, at *4 (S.D. Fla. Sept. 17, 1986), *aff'd*, 832 F.2d 1265 (11th Cir. 1987). This means that where there "is any doubt as to whether circumstances of which the arbitrator is aware might create an impression of partiality, [the arbitrator] should disclose those circumstances." *Fed. Vending, Inc.*

5

*v. Steak & Ale of Fla., Inc.*, 71 F. Supp. 2d at 1249. This does not mean, however, that a failure to disclose will by itself require the vacatur of an arbitration award; it merely means that an arbitrator's failure to fully disclose a prior relationship "requires that the court take a hard look at the nature of such undisclosed circumstances." *Id.*

In light of that, Plaintiff alleges that – while the Arbitrator is a local college professor and labor relations professional – there is, at the very least, a reasonable impression of bias. We agree. If the Arbitrator lectured union members and had an extensive working relationship with Defendant (even if on a volunteer basis), Plaintiff should be entitled to conduct limited discovery to determine the nature of that relationship. If discovery reveals, for example, that the Arbitrator and Defendant had an extensive working relationship and/or business dealings then Plaintiff will have a far more compelling argument that the arbitration award is tainted with bias. *See id.* ("[C]ase law holds that failure to disclose substantial business dealings, and close social or familial relationships with one of the parties will justify setting aside an award.") (citing *Middlesex Mutual Ins. Co.,* 675 F.2d at 1197).

Defendant argues, to the contrary, that Plaintiff's motion lacks merit because a "one-time attempted joint venture" with a party, with no pecuniary gain, does not give rise to a reasonable impression of bias. *See Austin S. I, Ltd. v. Barton-Malow Co.,* 799 F. Supp. 1135, 1144 (M.D. Fla. 1992). This argument is misplaced, however, because Defendant concedes that there were at least two times the

6

Arbitrator worked for the union (and given the vagueness of Defendant's response, a reasonable inference can be drawn that the Arbitrator worked for the union at many other times as well). We therefore conclude that the more prudent route is to allow Plaintiff to conduct limited expedited discovery to determine the nature of the Arbitrator's relationship with Local Union 769.

This does not mean, however, that Plaintiff is entitled to conduct far-reaching discovery. Plaintiff cannot, for instance, depose the Arbitrator and inquire about the correctness of the underlying arbitration decision or ask about the personal observations/thought processes of the Arbitrator. *See Admin. Dist. Council 1 of Ill. Of the Int'l Union of Bricklayers and Allied Craft–Workers, AFL–CIO v. Masonry Co., Inc.*, 2012 WL 1831454 (N.D. Ill. May 18, 2012) (recognizing the right of a party to depose an arbitrator in limited circumstances, so long as the examination does not question the correctness of the decision); *see also Legion Ins. Co. v. Ins. Gen. Agency, Inc.*, 822 F.2d 541, 543 (5th Cir. 1987) ("Courts have repeatedly condemned efforts to depose members of an arbitration panel to impeach or clarify their awards.") (citing *Andros Compania Maritima v. Marc Rich & Co.,* 579 F.2d 691, 702 (2d Cir. 1978)).

Instead, Plaintiff is given leave to depose Mr. Scott and serve limited discovery related to any communication between Defendant and the Arbitrator within five (5) years prior to the date of the arbitration decision. This will allow Plaintiff to make an initial inquiry into the relationship between the Arbitrator and Local Union 769 to determine if there is anything that might provide evidence of the

7

Arbitrator's partiality. Otherwise, there is a risk of time-consuming, costly discovery that would undermine the purpose of arbitration. If Plaintiff wishes to go any further in its discovery requests, Plaintiff must seek leave of court and set forth sufficient justification for the discovery requested (i.e. the deposition of the Arbitrator). The Court will then examine the record presented and rule accordingly. Therefore, at this time, Plaintiff's motion for leave to take limited expedited discovery is **GRANTED in part** and **DENIED in part**.

## *II. CONCLUSION*

For the foregoing reasons, Plaintiff's motion for leave to take limited expedited discovery is **GRANTED in part** and **DENIED in part**. Plaintiff is given leave to depose Mr. Scott and serve limited discovery related to any communication between Defendant and the Arbitrator within five (5) years prior to the date of the arbitration decision. If Plaintiff seeks additional discovery, Plaintiff must seek leave of court.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of August, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge