UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-22649-Civ-SCOLA/TORRES

METROPOLITAN DELIVERY
CORPORATION,

    Plaintiff,

v.

TEAMSTERS LOCAL UNION 769,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**
**ON PLAINTIFF'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

This matter is before the Court on Metropolitan Delivery Corporation's ("Plaintiff") motion to dismiss this action for lack of subject matter jurisdiction. [D.E. 34]. Teamsters Local Union 769 ("Defendant" or the "Union") responded to Plaintiff's motion on May 13, 2020 [D.E. 43] to which Plaintiff replied on May 20, 2020. [D.E. 44]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion to dismiss should be **GRANTED**.[1]

---

[1]     On April 30, 2020, the Honorable Robert N. Scola referred Plaintiff's motion to dismiss to the undersigned Magistrate Judge for disposition. [D.E. 35].

## *I. BACKGROUND*

This action arises out of a claim for wrongful termination of an employee. On May 17, 2017, Plaintiff terminated Jeanet Pedrero ("Ms. Pedrero") and her Union filed an unfair labor charge with the National Labor Relations Board ("NLRB"). The Union alleged that Plaintiff unlawfully discharged Ms. Pedrero because of her union activities.

On June 9, 2017, the Union filed a grievance, claiming that Ms. Pedrero's discharge was without just cause. Shortly thereafter, the NLRB deferred the unfair labor charge to arbitration pursuant to an agreement between the parties. An evidentiary hearing was then scheduled before Thomas G. Humphries (the "Arbitrator") and, on April 1, 2019, he issued a ruling sustaining, in part, the Union's grievance. The Arbitrator converted Ms. Pedrero's termination to a suspension and reinstated her with limited back pay in an amount yet to be determined.

On June 26, 2019, Plaintiff filed this action seeking to vacate the arbitration award and the Union cross-moved for enforcement, including a demand for fees and costs. While the parties disputed the scope of discovery needed to litigate this case, Plaintiff alleged that there was a long-standing relationship between the Union and the Arbitrator. Therefore, to invalidate the award, Plaintiff argues in its motion to vacate [D.E. 1] that the Arbitrator failed to disclose his close personal relationship with the Union and its representative, Mike Scott ("Mr. Scott"). More specifically, Plaintiff claims (1) that the Arbitrator has been previously employed as an

instructor for the Union to train and instruct union members on grievance procedures, (2) that Mr. Scott was the Arbitrator's former student, and (3) that the Union previously hired the Arbitrator as a panel member to grade applications for children seeking scholarships.

Prior to the arbitration, Ms. Pedrero filed a lawsuit against Plaintiff on October 27, 2018 in the United States District Court for the Southern District of Florida, entitled *Jeanet Pedrero v. Metropolitan Delivery Corporation*, Case No. 18-cv-24499-COOKE/GOODMAN, alleging violations of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992. Ms. Pedrero alleged sexual harassment and claimed that her termination was in retaliation for her complaints about the workplace environment.

On April 16, 2020, Ms. Pedrero and Plaintiff entered into a confidential settlement agreement that resolved all of the disputes between them. Pursuant to that agreement, Plaintiff agreed to compensate Ms. Pedrero for all back pay and she agreed to waive any right to reinstatement. Plaintiff now argues that the settlement agreement renders this case moot because – as Ms. Pedrero acknowledges in a sworn affidavit [D.E. 34 at Ex. A] – she has waived and relinquished all other relief that could be obtained in this proceeding, in the underlying arbitration, or arising out of her prior employment. Thus, Plaintiff seeks to dismiss this action as moot for lack of subject matter jurisdiction because, irrespective of whether the arbitration award is vacated or enforced Ms. Pedrero cannot recover anything in this action.

## *II. ANALYSIS*

Plaintiff seeks to dismiss this action for lack of subject matter jurisdiction because – although the underlying arbitration awarded Ms. Pedrero partial back pay and reinstatement to her former position – Plaintiff has now compensated Ms. Pedrero and she has, in turn, waived all rights to any additional relief in a confidential settlement agreement. Plaintiff argues that this case is now moot because, whether the Court overturns the arbitration award or enforces it, the Court's ruling would have no effect on the relief sought. Although the Union is not a party to the underlying settlement, Plaintiff suggests that the only relief possible is for the sole benefit of Ms. Pedrero and that she has now been made whole.

Plaintiff also argues that, while the Union might seek an award for attorneys' fees to continue litigating this case, there is no statutory basis that would permit such an award and none has been pled. That is, Plaintiff contends that a claim for fees will not save a case from being dismissed as moot where the fees are dependent on the outcome of the dispute that is now moot. *See, e.g.*, *Tokyo Gwinnett, LLC v. Gwinnett Cty.*, 940 F.3d 1254, 1262 n.2 (11th Cir. 2019) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990) ("[A party's] interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.")); *see also Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 51 (1st Cir. 2006) (finding that a "litigant's interest in a possible award of attorneys' fees is not enough to create a justiciable case or controversy" on the merits of a

4

claim that no longer exists). Plaintiff therefore concludes that the continuation of this case serves no useful purpose and that the case should be dismissed.

The Union's response is that Ms. Pedrero is not a party to this action and that, even if she settled her claims with Plaintiff, Plaintiff has failed to reference a single case that supports the proposition that a cause of action is rendered moot when there are different parties litigating a dispute in different actions. The Union claims that the U.S. Supreme Court has long recognized that the individual interests of a union's members must generally yield to the broader collective interests of a union and that the claims presented in this action do not belong to Ms. Pedrero. The Union reasons that, if an employer could render an arbitration award moot through a settlement agreement with a union member in a separate action, it would completely undermine federal labor policies.

The Union also argues that Ms. Pedrero could not waive all of her rights because her lawsuit was premised on violations of Title VII, which are entirely distinct from the claims presented in this case. The Union then suggests that it has an *enforcement* interest, separate and apart from Ms. Pedrero, and that Plaintiff should compensate the Union with fees for Plaintiff's failure to comply with the underlying arbitration award. And while there might be a settlement agreement in place where Ms. Pedrero is required to pay Plaintiff any relief obtained in excess of the amount she has already received pursuant to her settlement, the Union views that as private matter that is beyond the scope of this action.

In addition, the Union states that it should be entitled to fees because Plaintiff failed to comply with the arbitration award and did so without adequate justification:

> The federal labor policy favoring voluntary arbitration dictates that when a refusal to abide by an arbitration decision is without justification, and judicial enforcement is necessary, the court should award the party seeking enforcement reasonable costs and attorneys' fees incurred in that effort. This sanction is necessary lest federal labor policy be frustrated by judicial condonation of dilatory tactics that lead to wasteful and unnecessary litigation.

*Intl. Ass'n. of Machinists & Aerospace Workers, District 776* v *Texas Steel Company*, 639 F.2d 279, 284 (5th Cir. 1981). The Union suspects that the only reason Plaintiff filed a motion to dismiss was because discovery revealed that there was no bias in the underlying arbitration. This is why, in the Union's view, Plaintiff sought to obtain a settlement directly with Ms. Pedrero so that this case would become moot and Plaintiff could escape from this lawsuit notwithstanding its failures to comply with the arbitration award. For these reasons, the Union requests that Plaintiff's motion be denied and that the Court consider the Union's motion to confirm the arbitration award on the merits. [D.E. 32].

Federal courts do not sit to render advisory opinions. *See North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *See Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). The mootness doctrine derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A claim becomes moot when the controversy between the parties is no longer alive

6

because one party has no further concern in the outcome. *See Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."); *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). "Put another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir. 2000) (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)). That is, federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in a case before the court. *See Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990).

In *Saladin v. Milledgeville*, the Eleventh Circuit Court of Appeals determined that a case is moot when it is no longer "live" or the parties lack a legally cognizable interest:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

812 F.2d 687, 693 (11th Cir. 1987). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Id.* When actions occur subsequent to the filing of a lawsuit and deprive the court of the

7

ability to give the plaintiff meaningful relief, then the case is moot and must be dismissed. *See, e.g., Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam). In such instances, dismissal is required because mootness is jurisdictional. *See Florida Ass'n of Rehab. Facilities*, 225 F.3d at 1227 n.14 (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1972) ("The question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction [to address the merits of a complaint].")). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id.* at 1217 (citing *Hall*, 396 U.S. at 48).

The parties have several disagreements on whether this case is moot and, to resolve them clearly and succinctly, we consider them one at a time. First, the Union relies exclusively on the U.S. Supreme Court's decision on *Vaca v. Sipes*, 386 U.S. 171 (1967), and contends that, under federal labor policy, an employee's individual interest is subordinate to the interests of a union. Ergo, the employee's individual settlement with the employer does not moot the Union's separate interest in enforcement of its labor agreements. Yet the problem with the Union's argument is that *Vaca* has nothing to do with mootness or Article III standing. *Vaca* merely concerned a question of whether a lawsuit fell within the jurisdiction of the National Labor Relations Act and, if not, whether a finding of liability against a union was consistent with principles of federal labor law. So that case does not help us very much.

The Union claims, in its response, that the Supreme Court "held clearly and unambiguously that the union's collective interest in a grievance is superior to the

8

interest of an individual employee in that same grievance," and that to find that the Union has no standing in this case would undermine federal labor policies. But, the Union only directs the Court's attention to the following passage:

> The federal labor laws seek to promote industrial peace and the improvement of wages and working conditions by fostering a system of employee organization and collective bargaining. The collective bargaining system as encouraged by Congress and administered by the NLRB of necessity subordinates the interests of an individual employee to the collective interests of all employees in a bargaining unit.

*Vaca*, 386 U.S. at 182. While the Supreme Court stated that, the interests of an individual employee are subordinate to the collective interests of all employees, that was merely in the context of collective bargaining. The Court did not hold that a union could assert Article III standing when it seeks relief for an employee that has already been made whole.

The Union's argument also falls short because, even if a union's collective interests are superior to that of an individual employee, the Union has not made clear how a federal court can continue to exercise jurisdiction if a case is moot. And even if there was a conflict between federal labor policy and Article III (which there does not appear to be), it is uncertain how the former would control if mootness is jurisdictional. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("[D]ismissal is required because mootness is jurisdictional."). Therefore, without any other argument or authority that allows a union to maintain a case when an underlying employee has been made whole, the Union's initial argument lacks merit.

9

Second, the Union argues that this case must continue because the Court may impose fees against Plaintiff for filing a baseless challenge to an arbitration award. The Union is again mistaken because – even if fees are warranted – they cannot create a case or controversy where none exists on the merits of an underlying claim. *See Tokyo Gwinnett, LLC*, 940 F.3d at 1262 n.2 ("[A] request for attorney's fees is plainly insufficient to establish injury under Article III.") (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. at 480 ("[I]nterest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.")); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) (holding that "a plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the costs of bringing suit."). In other words, a demand for fees cannot cure the lack of a case or controversy if the underlying claims are moot.

The Union noticeably fails to rebut this section of Plaintiff's motion, likely because the Supreme Court recently reaffirmed the principle that a demand for fees cannot save a case from the mootness doctrine when the underlying claims have been resolved. *See Thole v. U. S. Bank N.A.*, 140 S. Ct. 1615, 1619 (2020) ("To be sure, their attorneys have a stake in the lawsuit, but an 'interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.'") (quoting *Lewis*, 494 U.S. at 480). Thus, the Union's second argument is even less persuasive than the first.

Third, the Union contends that Ms. Pedrero's back pay claim in the parallel action is distinct from the claim in this case. This is perhaps the weakest argument because both of these cases involve the same employee who alleges that her former employer wrongfully terminated her, and, as a result, she seeks back pay and reinstatement. Indeed, it is entirely unclear how the two cases are materially different. The Union also suggests that the arbitration award can be enforced notwithstanding the settlement agreement because, if anything, the amount any amount recoverable can be reduced to prevent Ms. Pedrero from receiving a double recovery. This is facially flawed because, as Ms. Pedrero stated in her affidavit, she has no right to any additional relief. Thus, even if the Court enforced the arbitration award, any relief that she would have otherwise been entitled to would be moot because she waived it after entering into a settlement agreement.

Not to be deterred, the Union claims that this Court should disregard the settlement agreement because that is a matter between private parties and therefore "beyond the scope of this action." [D.E. 43 at 4]. The Union's argument is again unpersuasive because it fails to reference a single case that prohibits a court from looking at the events of a parallel action to determine if the claims presented in a similar case are moot. This contention is, in fact, the direct opposite of the prevailing rule as "[m]ootness is frequently implicated where two related actions are ongoing in separate for[ums]." *Classroomdirect.com LLC v. Re-Print/Draphix, LLC,* 2007 WL 6969748, at *2 (N.D. Ala. Feb. 22, 2007); *see also* 15 *Moore's Federal Practic*e - Civil § 101.96 (2020) ("[I]t is common to find that a parallel proceeding

11

is pending in another forum and that resolution of the controversy in that forum will moot the issues present in the federal action.") (citations omitted).

The Eleventh Circuit made this point clear in *Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 732 (11th Cir. 2018), where plaintiffs sued the city of Boca Raton and alleged that the city's adjustment of its zoning rules and approval of a site development of a religious center violated Establishment Clause of the First Amendment. After the case was filed, "unrelated parties, for wholly different reasons, challenged in a Florida state court the City's approval of the plans for the same project at the same site." *Id.* at 732. The state court reversed the zoning board's approval of the site plan and held that the plan was contrary to existing zoning law, effectively bringing the project to an end. *Id.* The Eleventh Circuit ruled that the federal case had been rendered moot as a consequence of the ruling in the state and that "[n]one of the relief sought by the [plaintiffs] -- injunctive, compensatory, or declaratory – remain[ed] viable, and without any tenable claim to redress, the case ha[d] become moot." *Id.* at 733. Given that the Eleventh Circuit has often looked to parallel proceedings when determining whether a case is moot, the Union's argument crumbles not only under its own weight but the principles of the mootness doctrine that we are obligated to follow.

Finally, the Union reasons that it has an "enforcement interest" apart from Ms. Pedrero and that this case should proceed so it can deter future employers from terminating employees and siting idly by while a union seeks relief on behalf of one of its members. We need not spend much time dismissing this argument because

12

the Union fails to reference any case that recognizes either of these as exceptions to the mootness doctrine. While an exception to the mootness doctrine does exist, that exception is narrow and only applies in exceptional situations when an action being challenged is capable of being repeated and evading review. *See, e.g., Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (finding that this exception is "'narrow'" and only applies in "'exceptional situations'") (citing cases). That exception can also only be invoked when "(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *Sierra Club v. Martin,* 110 F.3d 1551, 1554 (11th Cir. 1997) (emphasis added). The same cannot be said of a union's enforcement interest or deterrence because the Court has not located a single case – and the Union failed to reference any – where either of these are exceptions to the mootness doctrine. Because the Union's argument is conclusory and otherwise unsupported, this too lacks merit.

In sum, this case is moot because any relief that the Union could obtain with the enforcement of the underlying arbitration award cannot include any additional benefits for Ms. Pedrero. When Plaintiff and Ms. Pedrero entered into their confidential settlement agreement, that foreclosed any relief that could be obtained in this case. The Union disagrees and develops several arguments in an attempt to maintain a live case or controversy. But, each argument falls short and the Union's cases are either easily distinguishable or entirely irrelevant. Therefore, Plaintiff's

13

motion to dismiss this action for lack of jurisdiction should be **GRANTED** because "an action that is moot cannot be characterized as an active case or controversy." *Adler,* 112 F.3d at 1477.

### *III. CONCLUSION*

For the foregoing reasons, Plaintiff's motion to dismiss this case as moot for lack of subject matter jurisdiction should be **GRANTED**.[2] The action can then be Closed.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 7th day of July, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[2] For the same reasons, the Union's motion to confirm the underlying arbitration award [D.E. 32] should be **DENIED** as moot because, irrespective of whether that motion is granted or denied, no relief can be obtained.