United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Metropolitan Delivery Corporation, Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 19-22649-Civ-Scola<br>) |
| Teamsters Local Union 769, Defendant. | )<br>)<br>) |

### Order Adopting Report and Recommendation

      This matter was referred to United States Magistrate Judge Edwin G. Torres for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters, consistent with 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. (ECF No. 35.) Judge Torres issued a Report and Recommendation (the "Report") on Plaintiff Metropolitan Delivery Corporation's motion to dismiss for lack of subject matter jurisdiction. (ECF No. 34.) He recommends that the Court grant Plaintiff's motion to dismiss. (ECF No. 49.) Defendant Teamsters Local Union 769 subsequently objected to Judge Torres's report (ECF No. 50) and the Plaintiff Metropolitan Delivery Corporation responded to the objections (ECF No. 51). Having conducted a *de novo* review of the entire record and the applicable law, the Court **overrules** the objections (**ECF No. 50**) and **grants** Metropolitan Delivery Corporation's motion to dismiss for lack of subject matter jurisdiction (**ECF No. 34**).

      This Court reiterates a brief factual background as detailed more fully in the Report. (*See generally*, ECF No. 49.) On May 17, 2017, Metropolitan Delivery Corporation terminated Jeanet Pedrero. Her union, Teamsters Local Union 769, then filed an unfair labor charge with the National Labor Relations Board.  On June 9, 2017, Teamsters Local Union 769 filed a grievance, and shortly thereafter, the National Labor Relations Board deferred the unfair labor charge to arbitration pursuant to an agreement between the parties. The arbitrator converted Ms. Pedrero's termination to a suspension and reinstated her with limited back pay. On June 26, 2019, Metropolitan Delivery Corporation filed this action seeking to vacate the arbitration award, and Teamsters Local Union 769 cross-moved for enforcement.  Prior to the arbitration, Ms. Pedrero filed a lawsuit in the United States District Court for the Southern District of Florida against Metropolitan Delivery Corporation, entitled *Jeanet Pedrero v. Metropolitan Delivery Corporation*, Case No. 18-cv-24499-COOKE/GOODMAN, alleging violations of Title VII of the

Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992. On April 16, 2020, Ms. Pedrero and Metropolitan Delivery Corporation entered into a confidential settlement agreement pursuant to which Ms. Pedrero waived and relinquished all other relief that could be obtained in this proceeding, in the underlying arbitration, or arising out of her prior employment with Metropolitan Delivery Corporation. On April 29, 2020, Metropolitan Delivery Corporation filed its motion to dismiss for lack of jurisdiction, arguing the case is now moot as a result of the confidential settlement agreement between itself and Ms. Pedrero.

Teamsters Local 769 objects to the Report, arguing that Magistrate Judge Torres failed to address the Supreme Court's *J.I. Case Co. v. Labor Board*, 321 U.S. 332 (1944) opinion or explain why this Court "should stray from [*J.I. Case Company's*] well-settled rule" that expiration of rights in an individual's contract cannot "render moot an action challenging the validity of those contracts in the enforcement of the union's rights as exclusive bargaining representative." (ECF No. 50.) This Court finds Teamsters Local 769's objections misplaced. Teamsters Local Union 769 misapprehends the holding of *J.I. Case*, which does not address the issue of mootness. Rather, *J.I. Case* prevents a company from using individually negotiated employment contracts to seek to avoid collectively bargaining because the collective bargaining would impact rights under the individual contracts. *J.I. Case*, 321 U.S. at 334. That is not what is at issue here.

Through her confidential settlement agreement with Plaintiff, Ms. Pedrero has "waived and relinquished all other relief that could be obtained in this proceeding, in the underlying arbitration, or arising out of her employment." (ECF No. 49.) As a result of Ms. Pedrero's settlement, there is no longer an active case or controversy at issue in this litigation. As Magistrate Judge Torres observed, "even if a union's collective interests are superior to that of an individual employee, [Teamsters Local 769] has not made clear how a federal court can continue to exercise jurisdiction if a case is moot." (ECF No. 49.) This Court agrees. Federal courts may not render advisory opinions and by function of the confidential settlement agreement there is no longer an active case or controversy at issue between Metropolitan Delivery Corporation and Ms. Pedrero. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

Therefore, the Court **affirms and adopts** Magistrate Judge Torres's Report and Recommendation (**ECF No. 49**). The motion to dismiss is **granted** (**ECF No. 34**). The Court directs the Clerk to **close** this case. All pending motions, if any, are **denied** as moot.

**Done and ordered** in chambers, at Miami, Florida, on August 24, 2020.

_____
Robert N. Scola, Jr.
United States District Judge